JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 16-1857-DOC (KK)                    Date:  October 7, 2016

Title: CITY OF JURUPA VALLEY, ET AL V. KING'S PALACE GROUP CENTER, ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING ACTION TO SUPERIOR COURT [23]**

On August 28, 2016, Defendant King's Palace Group Center ("King's Palace" or "Defendant") removed this case from Riverside County Superior Court. Notice of Removal (Dkt. 1). In his original Notice of Removal, Defendant argues the action may be removed to federal court "because it is a civil action between citizens of this state and the matter in controversy exceed the sum or value of $75,000." Defendant filed an Amended Notice of Removal ("Notice") on September 13, 2016 (Dkt. 18). The Amended Notice argues removal is proper because this is an "action over which the Court has original jurisdiction." Notice at 2.

After considering the Notice and the papers filed in conjunction with the Notice, the Court determines it lacks subject matter jurisdiction over this case. Accordingly, the Court REMANDS this case to Riverside County Superior Court.

This is the second time Defendant has removed this case to federal court. The first time was on August 8, 2016. *See City of Jurupa Valley v. King's Palace* Group, No. 1 CV 16-1711-DOC (C.D.Cal. Aug. 25, 2016). This Court remanded for lack of jurisdiction on August 25, 2016.  *City of Jurupa Valley,* No. 9 CV 16-1711-DOC. Defendant has now

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1857-DOC (KK)                                    Date: October 7, 2016
                                                                              Page 2

added a counterclaim against Plaintiff/Counterdefendant alleging violations of federal law (Dkt. 20).

## I.      Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c)."). Additionally, the court may remand *sua sponte*. *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1295 (C.D. Cal. 2000).

A defendant may generally remove a civil action from a state court to a federal court "embracing the place where such action is pending" if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States;" and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Therefore, if the district court has a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the action may be removed by a defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996); *Wis. Dept. of Corrs. v. Schacht*, 524 U.S. 381, 386 (1998).

## II.     Discussion

The Court has reviewed the Defendant's Notice and the underlying Complaint and finds the Court lacks subject matter jurisdiction in this case. For diversity jurisdiction to be proper, the parties must be completely diverse and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Complete diversity requires the defendant and plaintiff to be from different states. *Id.*; *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). Defendant "bears the burden of establishing that removal is proper." *Galileo*, 2009 WL 3157411, at *2 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992)). In his Notice, Defendant states that King's Palace is a California corporation. Notice at 1. Plaintiffs are the People of the State of California and the City of Jurupa Valley, a California municipal corporation. *Id.* Based on the Complaint and the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1857-DOC (KK)                              Date: October 7, 2016
                                                                      Page 3

Notice, the Court finds that there is no diversity between these parties. Consequently, there can be no jurisdiction under § 1332.

The Court also concludes there is no basis for jurisdiction under 28 U.S.C. § 1331. "The well-pleaded complaint rule requires a federal question to be evident from the *face of the plaintiff's complaint* for jurisdiction under 28 U.S.C. § 1331 to exist." *Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis added)). All causes of action stated in the complaint arise from California statutes and Jurupa Valley municipal codes. *See generally* Notice Ex. A ("Complaint"). There is no federal statute or case law cited in the Complaint. "Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists." *Id.*; *see also IndyMac Fed. Bank, F.S.B. v. Ocampo* No. 09–2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding action *sua sponte* to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

"[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for arising under jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Federal question jurisdiction exists only when it appears "on the face of the *plaintiff's* properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis added). Defendant has filed a counterclaim, but only the face of Plaintiff's complaint is relevant to the Court's analysis. Because the Court has concluded there is no jurisdiction on the face of Plaintiff's complaint, the Court cannot hear this case.

The Supreme Court has held that federal courts may impose sanctions under Federal Rule of Civil Procedure 11 even when they lack subject matter jurisdiction over the initial controversy. *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992). The Court admonishes Defendant not to seek further removal to this Court without proper grounds for federal jurisdiction.

## III.   Disposition

For the foregoing reasons, the Court hereby REMANDS this action to the Superior Court of California, County of Riverside, Case No. 2016-1604667.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                  Initials of Deputy Clerk: djg
CIVIL-GEN